[No. B004814. Second Dist., Div. Four. Dec. 17, 1984.]

In re ALFREDO S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALFREDO S., Defendant and Appellant.

COUNSEL

Abby Edleson Pollitt, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van De Kamp, Attorney General, William R. Weisman and Ellen Birnbaum Kehr, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KINGSLEY, J.—Alfredo S., a minor, appeals from an order continuing him as a ward of the court (Welf. & Inst. Code, § 602) following findings that he possessed less than one ounce of marijuana and a concealed dirk or dagger (Health & Saf. Code, § 11357, subd. (b); Pen. Code, § 12020, subd. (a)).[1] He was permitted to remain home on probation and contends that the evidence was insufficient to support the finding that he possessed a concealed dirk or dagger, and that he was denied due process of law because the court failed to make specific factual findings as to the element of concealment and the identity of the weapon as a dirk or dagger.

Viewing the entire record in the light most favorable to the judgment in accordance with the usual rule governing appellate review (*In re Dennis B.* (1976) 18 Cal.3d 687, 697 [135 Cal.Rptr. 82, 557 P.2d 514]), it was established that on February 2, 1984, at 7:30 p.m., Deputy Sheriff Thomas Zuniga was on patrol monitoring gang activity when he noticed a group of gang members, including appellant, standing on a sidewalk in East Los Angeles. As the patrol vehicle stopped, Deputy Zuniga saw the bottom one inch of a knife sheath hanging beneath appellant's sweatshirt, then watched as appellant attempted to conceal the sheath from the deputy's view by pulling his sweatshirt down to cover it. Deputy Zuniga seized the sheath, in which he found a folding hunting knife with a four-inch locking blade.

Appellant testified in his defense that he was wearing his sweatshirt folded up so that the sheath was entirely exposed to view.

At the conclusion of the hearing, the court made the following finding: "I am going to remove this from the credibility gap. Court makes the finding as follows: Due to the nature of the sheath in which a knife was found,

---

[1]The court's finding that appellant possessed less than one-half ounce of marijuana was based on his admission to that allegation of the petition. Appellant was found to have possessed a concealed dirk or dagger following an adjudication hearing.

the Court makes the specific finding that even if that were worn on a belt with no shirt on whatsoever, that that would be a concealed knife. The Court thereby finds Count I to be true under that premise."

■  Appellant's contention that the evidence is insufficient to support the finding that the knife was "concealed" solely because of the nature of the sheath is meritorious. Penal Code section 12020, subdivision (e) explicitly provides that "[k]nives carried in sheaths which are worn openly suspended from the waist of the wearer are not concealed within the meaning of this section." This court has examined the case in which appellant's knife was carried, and there is nothing about it which suggests that it is something other than an ordinary, commercially available knife sheath.[2] Carried openly suspended from the waist in an ordinary sheath, the knife was not "concealed" within the meaning of Penal Code section 12020, subdivision (a).[3] Under such circumstances, the finding that appellant possessed a "concealed dirk or dagger" must be reversed and the matter remanded for a new disposition hearing as to the finding that appellant possessed less than one ounce of marijuana. (*In re Michael T.* (1978) 84 Cal.App.3d 907, 912 [149 Cal.Rptr. 87].)

The order continuing wardship is modified to strike the finding of possession of a concealed dirk or dagger and, as modified, is affirmed. The matter is remanded for further proceedings as to disposition.

Woods, P. J., and Arguelles, J., concurred.

---

[2]During a colloquy with counsel which occurred during the adjudication hearing, the court commented: "We have a knife, dirk, dagger, whatever you want to refer to it as that is being housed in something that is other than a purse, that is other than a pocket, but certainly not to the uneducated eye something that is so obvious as a sheath for what I would describe is a hunting knife."

[3]Inasmuch as the court's finding must be reversed, it is unnecessary to address appellant's remaining contentions concerning the sufficiency of evidence to establish the knife's identity as a dirk or dagger and lack of sufficient factual findings to comport with due process.